---

CUNNINGHAM v. BUFFALO COPPER & BRASS ROLLING MILLS et al.
(No. 251/68.)

(Supreme Court, Appellate Division, Third Department.    November 10, 1915.)

MASTER AND SERVANT ☞250¾, New, vol. 16 Key-No. Series—WORKMEN'S
    COMPENSATION COMMISSION—REVIEW OF DETERMINATION.
    Where an injured employé lost the use of four fingers, and apparently still had the use of the rest of his hand, but the attorney for the employer and the insurance carrier before the Workmen's Compensation Commission consented that he should be given an award as for the loss of the use of his hand, and it was afterwards claimed by the employer and the insurer that he exceeded his authority, the determination of the Commission that the award should stand will not be interfered with.

Appeal from Workmen's Compensation Commission.

Proceeding under the Workmen's Compensation Act (Consol. Laws, c. 67) by Thomas P. Cunningham to obtain compensation for personal

injuries, opposed by the Buffalo Copper & Brass Rolling Mills, employer, and the Fidelity & Deposit Company of Maryland, insurance carrier. From an award made by the Compensation Commission, the employer and the insurance carrier appeal. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Walter G. Evans, of New York City, for appellants.

Egburt E. Woodbury, Atty. Gen. (Jeremiah F. Connor, of New York City, of counsel), for respondent.

SMITH, P. J. In this case the claimant was injured while wiping the oil and dust off a slitting machine. His right hand was caught between the rollers, crushing and exposing several bones of his hand, dislocating the phalanges, and lacerating the back of the hand and the wrist. By reason of the injury the entire fourth or little finger of the right hand was removed; the remaining three fingers of the right hand were stiffened, but were not amputated. The thumb and palm of the hand were uninjured. At the hearing one Mr. Stevens, who represented the defendant, stated:

"According to the examination of Dr. McKee, it shows that the man has lost the entire use of the hand, inasmuch as he is unable to hold any tools. He only has one finger, the thumb, and we have no objection to paying the man for the loss of the use of the hand on that."

Thereupon the Commission voted an award for the loss of the use of the hand, which is the award from which the employer and claimant appeal.

It is now claimed that claimant did not lose the use of the hand, but only of the four fingers, and that the usefulness of the remainder of the hand, including the thumb, was practically unimpaired. These seem to be the conceded facts. I am not clear that upon these conceded facts the claimant should have been allowed for the loss of the use of the entire hand. While the four fingers were stiffened, the thumb was uninjured, and the claimant is unquestionably better off than if the hand had been taken off or rendered entirely useless. In my judgment, it is unnecessary to determine this, because the award was made by consent of the attorney representing the appellants, and, while the appellants afterwards claimed that he exceeded his authority, we are unwilling to interfere with the determination of the Commission that the award should stand.

The award should therefore be affirmed. All concur.