Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of CHARLES J. HOLMES, Respondent, for Compensation under the Workmen's Compensation Law, *v.* COMMUNIPAW STEEL COMPANY, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of SOPHIA HOLMES, Respondent, for Compensation to Herself under the Workmen's Compensation Law, for the Death of Her Husband, CHARLES J. HOLMES, *v.* COMMUNIPAW STEEL COMPANY, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, March 5, 1919.

**Workmen's Compensation Law — injury to employee performing temporary services in other State — when award under State law justified — death caused by aggravation of constitutional disease caused by blow.**

A person employed as a housesmith by an employer residing in New York State, where the employee resided and was paid, is under the protection of the State Workmen's Compensation Law although he was injured while temporarily working in New Jersey, it appearing that he was hired to work wherever his employer sent him.

The employee while suffering from a constitutional disease was injured by a blow on the head which afterwards resulted in general paralysis. *Held*, that a finding of the State Industrial Commission that the precipitating cause of the employee's death was the injury from the blow on the head is conclusive upon the Appellate Division and that its award should be affirmed.

APPEAL by the defendants, Communipaw Steel Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on or about the 17th day of June, 1918.

*Amos H. Stephens* [*E. C. Sherwood* and *William B. Davis* of counsel], for the appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], and *Robert W. Bonynge,* counsel to State Industrial Commission, for the respondent Commission.

*Herman L. Roth,* for the respondent claimant.

Lyon, J.:

Two questions are presented by this appeal, whether the death resulted from the injury, and whether the Workmen's Compensation Law of New York State is applicable.

The deceased was a housesmith. His employer was the Communipaw Steel Company. It had an office in New York city and a plant in Brooklyn, N. Y. The deceased resided in New York, was hired in New York, and was paid in New York. The accident occurred while he was working for his employer at the plant of the American Smelting and Refining Company at Maurer, N. J., July 11, 1917. It does not appear that he was hired to work exclusively in the State of New Jersey, and the inference may be drawn that he was hired to work wherever his employer sent him. He was struck on the head by a piece of iron. He returned to work a day or two after the injury and worked until August 24, 1917. During that time he was depressed, morose, would not talk, nor eat, cried at times, and complained of pains in the head. He was taken to Bellevue Hospital and was committed to Central Islip State Hospital. The Commission found that " At the time of said accident, he was apparently suffering from a constitutional disease of a specific character and the injuries sustained on July 11, 1917, produced general paralysis, which caused his death on December 25, 1917."

Upon the trial there was much conflicting medical testimony given as to the cause of the death. It resolved itself mainly into the question whether the pathologists' findings were more conclusive and competent than an opinion based on clinical diagnosis. The presumption is that the claim is within the provisions of the statute. The conclusion reached was that the precipitating cause was an injury from the blow which hastened death. The finding was sustained by the evidence, and is conclusive upon us. (*McCahill* v. *N. Y. Transportation Co.*, 201 N. Y. 221; *Matter of Banks* v. *Adams Express Co.*, 221 id. 606; *Matter of Van Keuren* v. *Divine & Sons*, 222 id. 648.) The case of *Matter of Post* v. *Burger & Gohlke* (216 N. Y. 544) is decisive of the question of applicability of the New York statute. In that case the employer had an office and plant in this State; the claimant was a resident of the State, employed in the State, and sent by his

employer to perform sheet metal work in the State of New Jersey.

The award should be affirmed

All concurred.

JOHN M. KELLOGG, P. J. (concurring):

The award seems to be based upon answers given by experts to hypothetical questions after the case was adjourned and upon opinions given by the chief medical examiner outside of the hearing. The hypothetical question embraced certain material matters not covered by the statements of the experts at the trial. Such practice is irregular and denied to the employer the hearing contemplated by the law. We would, therefore, favor a reversal of the award except for the following reason: Upon the last rehearing the Commission stated the facts referred to and filed the answers of the experts as a part of their proceeding; this method of procedure was not objected to by the appellants; they did not ask that the chief medical examiner or the experts be produced for examination. We conclude, therefore, that the question was waived and thereafter furnished no ground for reversal. The award should be affirmed.

Award unanimously affirmed.