Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of CHARLES FISCHER, Appellant, for Compensation under the Workmen's Compensation Law, *v.* GENESEE CONSTRUCTION COMPANY, Employer, and STATE INSURANCE FUND, Insurance Carrier, Respondents.

Third Department, May 7, 1919.

Workmen's Compensation Law — annulment of award and dismissal of claim — practice — when claimant not given fair hearing — conclusiveness of award against State Fund — continuing jurisdiction of Commission — presumption preventing interference with award on the facts — power to change an award — liability of State Fund same as that of other insurance carriers — evidence insufficient to justify vacating award.

The State Industrial Commission should not annul an award and dismiss the claim upon the written opinions of two physicians, where it appears that one of said opinions was written after the hearing was closed, that neither opinion was made a part of the record at any hearing, and that the claimant had no knowledge of them and no chance to cross-examine or be heard with reference thereto. Such practice does not give a claimant the fair hearing contemplated by the statute.

An award is final and conclusive as against the State Fund, no appeal having been taken, but the Commission has continuing jurisdiction with power to change its determination as justice may require.

The presumption raised by section 21 of the Workmen's Compensation Law, and the provisions of sections 23 and 20, prevent an interference with an award on the facts, unless there is substantial evidence of a mistake which, in the interest of justice, compels such action.

Sections 22 and 74 of the Workmen's Compensation Law must be given a broad and liberal interpretation and are intended to remedy an apparent injustice.

Where the State Fund has assented to an award it will not be permitted a review upon appeal. Nor upon its application should the Commission annul the award except upon new evidence clearly showing its injustice and that the counsel for the Commission was deceived, overreached or acted upon a clear mistake of fact.

The mere fact that cumulative evidence has been found which may bear negatively upon a question of fact already amply proved and understandingly conceded is not in itself a basis for annuling an award.

The power to change an award is not an arbitrary one, but is a judicial discretion, to be exercised only in the interest of justice.

The liability of the State Fund is in all respects the same as that of any other insurance carrier and is established by like proof.

Opinions of two physicians and evidence examined and *held*, insufficient as a basis for a determination that the interests of justice require the award to be vacated and the claim dismissed.

APPEAL by the claimant, Charles Fischer, from a decision of the State Industrial Commission, filed in the office of said Commission on or about the 5th day of August, 1918, rescinding an award and dismissing his claim.

*C. D. Kiehel,* for the appellant.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel for the respondent Commission.

JOHN M. KELLOGG, P. J.:

An award was duly made October 8–11, 1917, and, upon a motion to reopen, was duly affirmed January 14, 1918, and several payments were made thereon. It was well sustained by the reports of the employer, the employee, and Dr. Schuhart, who treated the arm, and by the testimony of Dr. Snell, the oculist who treated the eye, and the testimony of Dr. Lewy and Dr. Gelser for the State Fund. The claimant was present, without counsel, but was not called as a witness. An adjournment was had for a week to enable the fund to have the claimant examined by a physician, but upon the adjourned day counsel for the fund stated that "the general opinion seems to be that the loss of his eye is due to his accident," and the record shows that no further testimony was introduced, "largely due to the fact that the representatives of the State Fund, the physician who examined him and those

familiar with the case were of the opinion that the claimant had sustained a systemic septicaemia as the result of the injury to the hand and that caused the iritis, and subsequent loss of use of the right eye."

July 24, 1918, by the order under review, the Commission annulled the award and dismissed the claim. Its decision is based upon the written opinions of two physicians. One of the opinions was written after the hearing was closed, and neither opinion seems to have been made a part of the record at any hearing, and the claimant apparently had no knowledge of them and no chance to cross-examine or to be heard with reference to them. This practice did not give him the fair hearing contemplated by the statute and the order should, therefore, be reversed. (*Holmes* v. *Communipaw Steel Co.*, 186 App. Div. 645.)

The award was final and conclusive against the State Fund, no appeal having been taken. (Workmen's Compensation Law, § 23.) Nevertheless, the Commission had continuing jurisdiction over the case, with power to change its determination as justice may require. (§ 74.) The presumption raised by section 21, and the provisions of section 23 and of section 20 (as amd. by Laws of 1917, chap. 705) prevent an interference with the award on the facts, unless there is substantial evidence of a mistake which, in the interest of justice, compelled such action. Sections 22 and 74 must be given a broad and liberal interpretation, and, as circumstances arise, must be held to cover cases which we cannot in advance anticipate. They are intended to remedy an apparent injustice. The State Fund so far assented to this award that it would not be permitted a review upon appeal. (*Cunningham* v. *Buffalo Copper & Brass Rolling Mills*, 171 App. Div. 955, 956.) Neither, upon its application, should the Commission annul the award except upon new evidence clearly showing its injustice and that the counsel for the Commission was deceived, overreached or acted upon a clear mistake of fact. The mere fact that cumulative evidence has been found which might bear negatively upon a question of fact already amply proved and understandingly conceded, is not in itself a basis for annulling the award. Public policy requires that there should be a reasonable end to litigation, and that issues once fairly

tried and stipulated, with full knowledge of the facts, should not be disturbed except for some compelling reason in order to prevent a miscarriage of justice or a manifest wrong. The power to change an award is not an arbitrary one, but a judicial discretion, to be exercised only in the interest of justice. The award was a property right, which cannot be destroyed unless it definitely appears that, as a matter of justice, it should not stand.

We may profitably consider whether there is any substantial evidence against the award and whether justice requires its annulment. The decision under review is so out of harmony with the uniform decisions of the Commission in like cases against other insurance carriers that it evidently rests upon a a mistake of law or fact. (See *Caine* v. *Greenhut & Co.*, 13 State Dept. Rep. 515; 181 App. Div. 907; *Abelson* v. *Steinway & Sons*, 188 id. 942.) The liability of the State Fund is in all respects the same as that of any other insurance carrier, and is established by like proof. That rule is so well understood that we conclude that the Commission relied too much upon the statements and conclusions found in the expert opinions. It is evident that the physicians were misinformed as to the facts, or did not fully appreciate them. The opinions, if they had been properly received in evidence, would form no substantial basis for annulling the award. Neither physician had examined the claimant. In fact one physician, called by the fund at the hearing, had examined him, and gave evidence favorable to him. Another examined the claimant at the request of the fund, and it was stated at the hearing that he concluded that the loss of the eye resulted from the injury to the hand. The opinions upon which the decision under review was made are not based upon the facts of the case. Each opinion, in substance, assumed that the claimant was not sick and that the trouble with the eye developed in the case of a well man. The evidence shows that, immediately after the accident, the hand and arm to the armpit became very much swollen, inflamed, red and tender, and that while the swelling was at its worst, the deposit of infectious matter, concededly from within, lodged at the eye, and that claimant lost thirty pounds in weight in about three months, was unable to work, was not feeling well at all, was complaining of his hand and of rheumatic pains;

that he had attempted to do two or three things and could not do them and, about seven months after the accident, was still disabled from headaches and dizzy spells, together with poor vision. The claimant was not sworn and was without counsel. The Commission made such inquiry as to it seemed best, and it did not inquire of him as to the symptoms or the extent or nature of his illness. Apparently the physicians who wrote the opinions desired no further information upon those subjects. One of the opinions rests upon the statement that the claimant had abscess of teeth and that the attending physician had sworn that the claimant was entirely well at the time he first treated the eye. The physician swore to the contrary, and there is no statement outside of the opinion of any " abscess of teeth." The other opinion also was based upon the apparent assumption that the trouble at the eye developed in a well man, and the improbability of such an occurrence. It assumes that there was a diseased tooth. Both opinions practically assume that there was no infectious pus, arising from the injured hand, absorbed into the blood, entirely overlooking the facts that the employer concedes that pus was forming in the hand and arm; that there was no puncture of the skin for its escape, and that the " bad tooth " spoken of by the doctor who examined the claimant had been extracted at an early time and that the source of infection evidently remained for a long time thereafter, and that none of the physicians who examined the claimant connected the bad tooth with the loss of the eye. The doctors who saw the claimant had no doubt that infectious matter from the bruised hand was absorbed into the blood and caused the loss of the eye. The physicians called by the fund on the hearing confirmed that theory. The *ex parte* opinions referred to doubt the existence of septicaemia because the claimant was not sick enough to indicate its existence and because the attending physician, who was dead at the time of the inquiry, in filling out the blank form prepared by the Commission, did not give the symptoms from which he determined that there was septicaemia, but made the general statement that there was septicaemia from which the loss of the eye resulted. Neither opinion attempts to account for or to explain the known symptoms. The opinions are not in harmony with the decisions of the Commission and of this court.

The assumed facts were not the facts of this case, and, therefore, the opinions were not a sufficient basis for a determination that the interests of justice required the award to be vacated and the claim dismissed.   If, in any event, the award was not to stand, justice required a rehearing.

The decision under review is arbitrary, and is not fairly within the spirit of sections 22 and 74 of the Workmen's Compensation Law.   The order should be reversed and the award reinstated, without prejudice to a regular proceeding for a rehearing if desired.

All concurred.

Order reversed and the award reinstated, without prejudice to a regular proceeding for a rehearing if desired.