PETER F. WELLES, Plaintiff, *v.* LOUIS DANIN, Defendant.

Supreme Court, Trial Term, New York County, December 9, 1942.

*Norbert Rothstein* for plaintiff.

*Cohen & McGuirk* for defendant.

EDER, J. This is an application by the plaintiff for a preference, "under subdivision 20 of section 138, Civil Practice Act," as a cause entitled to a preference by the special order of the court in the particular case.

Attention should be directed to the amendment of section 138 (L. 1940, ch. 247, in effect Sept. 1, 1940), which made substantial changes and did away with many of the subdivisions contained therein prior to the amendment.

The Judicial Council, in its study concerning the simplification of preferences in civil cases and in dealing with the problem of advancing causes for trial out of their regular order, reached the conclusion that article 15 of the Civil Practice Act, sections 138 to 143 inclusive, presented an arbitrary scheme " marked'

by an unnecessary diversity and complexity in procedural requirements,'' and that the interpretation in the field of preference law had led to complication and confusion. As a result of the study the Council presented amendments to the statutes and a proposed new rule of civil practice. (See Judicial Council, Sixth Annual Report [1940], pp. 45, 271-287.) The view obtained that the arbitrary preference given by the statutes retarded rather than helped the accomplishment of relative justice in calendar practice (p. 282), and '' the wisdom of fixing a static schedule of preferences '' was questioned (p. 283).

Section 138, as now constituted, and rule 151 of the Rules of Civil Practice, embody the recommendations of the Judicial Council. A comparison of the section before and after amendment reveals important changes, aside from a new caption and opening statement, *viz.*, the omission of former subdivisions 1, 2, 3, 7, 9 to 16 inclusive, and 18 to 21 inclusive; the amendment renumbered former subdivision 4 as subdivision 1, and omitted the words '' in an action or special proceeding other than as specified in subdivision one of this section '' after the words '' by either party;'' renumbered former subdivisions 5, 6, 8 and 17 as subdivisions 2, 3, 4 and 5 respectively; added subdivisions 6 and 7; renumbered former section 142 of the Civil Practice Act as subdivision 8, and renumbered former section 143 as subdivision 9, omitting the words '' in the first department '' after the words '' supreme court,'' and the words '' and shall be heard on said day '' after the words '' court of appeals.''

Rule 151 now embodies in large degree the relief which could heretofore have been sought under section 138 prior to amendment, and the instant application, though erroneously made under section 138 as it read prior to the amendment, has nonetheless, in the interest of justice, been considered as made under rule 151, subdivision 3, which provides that a preference may be granted in '' an action or special proceeding in which it is shown to the court or a judge thereof that the interests of justice will be served by an early trial or hearing thereof.''

As a number of applications have been made, as of right, predicated upon section 138 as it existed before the mentioned amendment, it is deemed appropriate to emphasize the change in the statute and the promulgation of rule 151.

The motion is denied, with leave to renew, upon a showing that the plaintiff has been actually classified and notified to appear for induction into the armed forces of the nation; it is not a sufficient ground that he apprehends that he may be; it must be the fact.