COMMISSIONERS OF THE STATE INSURANCE FUND, Plaintiffs, *v.* JENNIE DINOWITZ, Defendant.

Supreme Court, Trial Term, New York County, December 11, 1942.

*William F. O'Rourke* and *Frank Kleinholz* for plaintiffs.

*William C. Fiest* for defendant.

EDER, J. This is an application by the plaintiffs, Commissioners of the State Insurance Fund, for a preference pursuant to the provisions of subdivision 1 of rule 151 of the Rules of Civil Practice, which is a substantial embodiment of subdivision 1 of section 138 of the Civil Practice Act prior to its amendment (*Welles* v. *Danin,* 179 Misc. 268), and which provides that a preference shall be granted in " An action or special proceeding brought by or against the people of the state, or a political

subdivision of the state, or an officer or board of officers of the state or of a political subdivision of the state, in his or their official capacity, on the application of said people, political subdivision, or officer or board of officers."

Plaintiffs seek to recover from defendant the sum of $60,000 as the subrogees of one Kapper, an employee, who it is claimed was injured due to the alleged negligence of the defendant (a third party), it being asserted that the State Insurance Fund, as the employer's carrier, paid compensation to said employee, as awarded by the Industrial Board of the Department of Labor pursuant to the provisions of the Workmen's Compensation Law (Cons. Laws, ch. 67) and the Labor Law (Cons. Laws, ch. 31) of this State, and that plaintiffs are now invested with the cause of action herein as provided by section 29 of the Workmen's Compensation Law.

The basis of the preference claimed is that the action and application are instituted by a board of officers of the State, and of a political subdivision of the State. This latter ground was apparently inserted through inadvertence, since the office is state-wide in character, if it is held to be a State office.

It is urged in opposition that the plaintiffs do not comprise a board as intended by the court when the Rules of Civil Practice were adopted; that the status of the State Insurance Fund is simply that of the ordinary insurance company engaged in transacting business in that field, and that it, in consequence, has and enjoys no greater benefits and privileges than any other insurance company which might pay compensation and be subrogated to the rights of an injured employee; that it therefore is not entitled to be granted a preference as of right where any other insurance company would not be entitled to it; that to hold that the State Insurance Fund is entitled to such benefit and privilege is equivalent to class legislation and contravenes constitutional inhibition in that regard.

For the reasons hereinafter given it is my opinion that the plaintiffs are entitled to the preference sought.

An examination of article 6 of the Workmen's Compensation Law, which creates the State Insurance Fund and provides for its administration, prescribes its powers and duties, authorizes rate fixation and provides for payment of premiums, dividends, et cetera (§§ 76–99, inclusive), discloses that as to workmen's compensation its status is largely akin to that of any other insurance carrier insuring employers against claims of employees for injuries. It has been said that " it is merely a managed fund competing on the same basis with other private insurance companies " (*Matter of Torpedo Dress Corp.,* 176

Misc. 60, 63; affd., 259 App. Div. 994; affd., 285 N. Y. 626) and that " The liability of the State Fund is in all respects the same as that of any other insurance carrier, and is established by like proof." (*Fischer* v. *Genesee Construction Co.*, 187 App. Div. 850.)

Such being the status of the State Insurance Fund, in the absence of some controlling reason, the contention, that the plaintiffs are not entitled to a preference under subdivision 1 of rule 151 over other insurance companies or associations engaged in transacting a like business, has its measure of merit. " * * * statutes are void as class legislation * * * whenever persons engaged in the same business are subject to different restrictions or are given different privileges under the same conditions." (16 Corpus Juris Secundum, § 496, p. 967.) Nonetheless, I am of the opinion that this principle is inapplicable to the instant situation because here the State, as such, is engaged in that business and, as such, is in operation and control of the Fund; it is not in that respect functioning as a private corporation, but as a sovereign entity though engaged in competing with private enterprise. (*Matter of Tidewater Coal Exchange*, 280 F. Supp. 648, 650). The State is not a person in that sense (*Scott* v. *Frazier*, 258 Fed. 669, 671), but is a sovereign (*Welch* v. *Tennessee Valley Authority*, 108 F. [2d], 95, 99), and the principle of class legislation which is applicable to persons has no relation to the sovereign.

Moreover, it may be fairly assumed that it was not intended to exclude the plaintiffs from the preference granted by subdivision 1 of rule 151, for at common law preference and priority were inherent possessions of the sovereign and of which he could not be deprived except by express legislation. (*Matter of Carnegie Trust Co.*, 206 N. Y. 390, 396; affg. 151 App. Div. 606; *Matter of Atlas Television Co.*, 273 N. Y. 51, 54; *Goetschius* v. *Brightman*, 245 N. Y. 186, 194; *Queen* v. *Nova· Scotia Bank*, 11 Can. S. C. 1; *Maritime Bank* v. *Queen*, 17 Can. S. C. 657; *Matter of Torpedo Dress Corp., supra.*) No such intention at deprivation was manifested in subdivision 1 of section 138 of the Civil Practice Act prior to amendment; nor is there any manifested in its successor, subdivision 1 of rule 151 of the Rules of Civil Practice. Sovereign exemption from general laws is well recognized. (*United States* v. *Greene*, Fed. Cas. 15258; *United States* v. *Hoar*, Fed. Cas. 15373; *United States* v. *Hewes*, Fed. Cas. 15359; *United States* v. *Herron*, 87 U. S. 251, 255; *United States* v. *Thompson*, 98 U. S. 486, 489; *Matter of Tidewater Coal Exchange, supra*, 650, 653; *Matter of City of Utica*, 73 Hun, 256;

*Matter of Smather,* 249 App. Div. 523.) With the mentioned rules of statutory construction in mind, the absence of any express exclusion of the plaintiffs from the benefits of subdivision 1 of rule 151 warrants the conclusion that it was not intended to exclude them from the preference therein provided for. I am unable to see that this contention of the defendant can be upheld.

There is a further reason why I think that the plaintiffs come within the purview of subdivision 1 of rule 151, and it is that it grants a preference in a case where the action is brought by a State officer or a State board in his or its official capacity. This action is brought in that form, as " Commissioners of the State Insurance Fund."

I regard the contention that plaintiffs are not a board, as intended or contemplated by the rule, as an unstable one. The language of the rule is clear and unambiguous. If the suit is brought by a State officer or State board, in official capacity, the preference is absolute.

That the plaintiffs are not designated by the title " Board " is of no moment; the title is of no consequence if it is, in fact, such an institution. It is the actual fact that controls, and regardless of *descriptio personœ* the plaintiffs function as a board with respect to the State Insurance Fund. A " board " is an official or representative body organized to perform a trust or to execute official or representative functions, or which has the management of a public office or department exercising administrative or governmental functions. (11 Corpus Juris Secundum, p. 369.) Such is the status of the plaintiffs. They compose a board and they are a board of State officers; they are appointed by the Governor by and with the advice and consent of the Senate (Workmen's Compensation Law, § 77; see *Askew* v. *Bassett Furniture Co.,* 172 Ga. 700); and they come within the definition of section 2 of the Public Officers Law (Cons. Laws, ch. 47), which, so far as here material, provides that a State officer includes " every officer, appointed by one or more state officers, or by the legislature, and authorized to exercise his official functions throughout the entire state * * * ." (See *People ex rel., Baird* v. *Nixon,* 158 N. Y. 221; *Matter of Hazelton* v. *Connelly,* 175 Misc. 765.) " The office of a state officer is a state office." (Public Officers Law, § 2.)

For the reasons assigned it is my conclusion that the plaintiffs come within the classes designated as State officers and State boards referred to in subdivision 1 of rule 151 and are, therefore, entitled to the preference sought.

Motion granted; preference for December 17, 1942.