COMMISSIONERS OF THE STATE INSURANCE FUND, Plaintiffs, *v.* ABRAHAM STATLAND et al., Defendants.

Supreme Court, Trial Term, New York County, December 8, 1943.

*William F. O'Rourke* for plaintiffs.

*Herman M. Kessel* for defendants.

EDER, J. This is a motion by plaintiffs, Commissioners of the State Insurance Fund, for a preference pursuant to the provisions of subdivision 1 of rule 151 of the Rules of Civil Practice, on the ground that this action is brought by a board of officers of the State in their official capacity.

By this action plaintiffs seek to recover the sum of $25,000 and sue as statutory assignees of the cause of action of one Anthony A. Garabo, who was injured as a result of the negligence of the defendants while in the course of his employment and on the business of his corporate employer, which insured its liability to its employees pursuant to the Workmen's Compensation Law and under a policy of workmen's compensation insurance. Garabo accepted compensation under the Workmen's

Compensation Law, but failed to commence an action against the defendants within the designated statutory period, and under the provisions of section 29 of the Workmen's Compensation Law it operated as an assignment to the plaintiffs of Garabo's cause of action against the defendants; plaintiffs thus sue as assignees.

Defendants oppose this application upon the ground that as plaintiffs sue as assignees, they have no greater rights than their assignor and if he were suing he would not be entitled to a preference and hence plaintiffs are not entitled to a preference. Defendants argue " that rule 151 was not enacted to meet the situation at bar but referred to actions where the plaintiffs were original claimants and not through an assignor."

I am unable to concur in this premise. Regarding the rights of an assignee, it is, of course, the general rule that an assignee ordinarily obtains only the rights possessed by the assignor at the time of the assignment and no more, and that nothing will pass to the assignee if the assignor never had the right claimed under the assignment. This rule has no application to a situation of the nature involved in this application; the mentioned rule deals with substantive law, which creates and regulates rights; an application for a preference deals with adjective law, with matters of procedure.

There can be no question that if the rule had provided that where plaintiffs sued as assignees they should be entitled to a preference it would give them the right to make this application, and, though the rule does not include in so many words a suit by them as assignees, it was plainly intended to give the State, as sovereign, a preference in the trial of a case in which the State is suitor or defendant, and this without regard to whether the cause of action was an original one or was acquired by assignment; the controlling element is that the State is involved as a party. Moreover, " at common law preference and priority were inherent possessions of the sovereign and of which he could not be deprived except by express legislation " and no such intention at deprivation was manifested in subdivision 1 of section 138 of the Civil Practice Act, " nor is there any manifested in its successor, subdivision 1 of rule 151 of the Rules of Civil Practice " (*Commissioners of State Insurance Fund* v. *Dinowitz*, 179 Misc. 278).

Accordingly, the objection is overruled and a preference is granted for December 17, 1943.