■ In the Matter of JUSTIN E. DRISCOLL, Respondent, against TROY HOUSING AUTHORITY et al., Appellants.— Appeal from an order of the Supreme Court at Special Term, entered in Rensselaer County, in a proceeding in the nature of mandamus under article 78 of the Civil Practice Act. The order directed, among other things, the reinstatement of petitioner in his position with the appellant authority. The authority is a public housing corporation. As appears by the minutes of its meeting of April 8, 1948, petitioner was on that day appointed " Director of the project " at a stated salary. His additional appointment as secretary and treasurer of the authority is concededly of no relevance in this proceeding. By action of the authority at a meeting held February 7, 1957, he was removed from his position. He contends that his dismissal was unlawful in that, as an honorably discharged member of the armed forces of the United States, which he concededly is, he could only be removed after a hearing upon stated charges of incompetency or misconduct. (Civil Service Law, § 22, subd. 1.) The authority asserts that the position was in the competitive class; that petitioner did not take a competitive examination therefor; that the period during which he might hold a provisional appointment (Civil Service Law, § 15, subd. 1) has long since expired; and, in consequence, that at the time of his removal he held his position illegally but that, in any

event, even if he remained a temporary or provisional appointee, the protection afforded veterans by section 22 is (by subd. 4 of that section) denied such employees. Petitioner contends that he is in the exempt class of the civil service. His roster card on file in the office of the municipal civil service commission of the City of Troy carries his position as that of "executive secretary" of the authority but is ambiguous in indicating civil service status as both "unclassified" and "exempt". Clearly he was not in the unclassified service, as the parties agree. (Civil Service Law, § 9; Rules for Classified Civil Service, rule III, subd. 2.) There is no indication that the position was specifically classified as exempt by the Troy municipal civil service commission by modification of its existing rules so as to include the position among those specifically enumerated as exempt. (Municipal Civil Service Rules for City of Troy, rules V, VI.) In fact there was affirmative evidence that no modification of the commission's rules in that respect had ever been submitted to, or approved by the New York State Department of Civil Service or filed with the Secretary of State, as prescribed by subdivision 2 of section 11 of the Civil Service Law. We do not consider that the commission's certification of payrolls, even over the long period involved, may be given evidentiary effect, absent proof of substantial compliance with said subdivision 2. Petitioner contends further, however, that the position is exempt under section 32 of the Public Housing Law, read with section 13 of the Civil Service Law. Section 32 provides, in part: "An authority * * * may employ, *subject to the provisions of the civil service law applicable to the municipality in which it is established,* a general manager, *a secretary,* technical experts and such other officers, agents and employees as it may require". It is contended that although (as has been noted) petitioner was originally appointed "Director of the project," the titles "executive director" and "executive secretary" have since been used interchangeably in describing the position, the latter title being that upon the undated roster card above alluded to. Petitioner's argument proceeds to link the quoted provisions of section 32 to section 13 of the Civil Service Law, providing, in part: "The following positions shall be included in the exempt class: * * * 2. One secretary of * * * each *municipal board or commission,* authorized by law to appoint a secretary" and to rule V of the municipal civil service rules for the City of Troy containing an identical provision. The authority is not, however, a "municipal board or commission". Although "a public corporation which is a corporate governmental agency" (Public Housing Law, § 3, subd. 2), it is an entity separate and designedly distinct from the municipality. In *Matter of Plumbing Assn.* v. *Thruway Auth.* (4 A D 2d 541, 544) we discussed a like distinction, stating: "Of course, the Thruway Authority is 'an arm or agency' of the State, but that is far different from saying it *is* the State." To the same effect was the decision in *Pantess* v. *Saratoga Springs Auth.* (255 App. Div. 426) and even more closely in point is *Ciulla* v. *State of New York* (191 Misc. 528). It follows that "the civil service law applicable to the *municipality*" (Public Housing Law, § 32, subd. 1), i.e., to the City of Troy, including its boards and commissions, is not, in the absence of some addditional provision, that applicable to the authority. Petitioner urges yet another approach, suggesting that the last quoted clause was inserted in section 32 to obviate the necessity of amending the rules of the civil service commissions in the various municipalities in which housing authorities are located, so as to exempt the position in each such municipality. We find nothing in the language or its context to support this suggestion and the legislative history of section 32 to which petitioner points as supporting his contention seems to us to

refute it. Former section 64 of the State Housing Law, from which section 32 of the Public Housing Law was in part derived, provided that the " secretary, and any counsel and assistant attorneys employed by an authority, shall be in the exempt class of the civil service." (L. 1938, ch. 218, § 3.) Upon the enactment of the Public Housing Law, section 64 of the State Housing Law was repealed (L. 1939, ch. 808, § 227) and when, by the same chapter, other portions of that section were re-enacted as part of section 32 of the new act, the provision quoted was not included. Had the legislative intention been to preserve the exemption, clearly the normal and effectual method would have been to continue the existing provision, rather than to adopt new language which would accomplish the supposed intention only by the most forced construction. Petitioner urges as an alternative ground for reinstatement his contention that the authority may not attack collaterally petitioner's status " as classified by the Municipal Civil Service Commission ". The premise of the argument — that the position was, in fact, classified as in the exempt class — is not established by the evidence. We fail to find in the ambiguous entries upon the roster card (which bears no date, no signature or other authentication nor any reference to any official action) sufficient evidence that the commission took any definitive action, under color of authority or otherwise. Therein lies the distinction between this case and those cited by petitioner. It being clear, as we have found, that there was no amendment of the rules of the local commission, any other action to classify the position as exempt would have been illegal, under our determination set forth above. Thus, it is more reasonable to assume that the card entries, if they have meaning, were the result of clerical or like error, than to find them the result of some formal action at once arbitrary and illegal. In this view, the fact of the payroll certifications by the commission add little or no substance to petitioner's proof. Petitioner's final contention is that the meeting at which he was removed was not called in compliance with the by-laws of the authority and that, for that reason, the action taken thereat was void. Upon the papers before us we are unable to determine whether or not the meeting was properly constituted but the question seems unimportant in view of our finding that at the time of his dismissal petitioner held the position illegally. If it were found that the meeting was not properly called or held and the order appealed from affirmed on that ground, with the result of reinstating petitioner, with back pay, the court would thereby not merely countenance past illegality but would require the authority and the civil service commission to continue an illegal practice by prolonging an unauthorized employment and certifying petitioner's eligibility for receipt of compensation. We have decided, concurrently herewith, an appeal from an order in an action at law brought by petitioner against the authority. (See *Driscoll* v. *Troy Housing Auth.*, 6 A D 2d 983.) Order reversed, on the law and the facts, and petition dismissed, without costs. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.