HON. DIANA W. RIVET County Attorney, Rockland County
This is in response to the letter of Merwin J. Carnright, Senior Assistant County Attorney, requesting an opinion of the Attorney General whether or not, pursuant to provisions of County Law, § 209, the Legislature of Rockland County by a committee of its members may investigate matters pertaining to the activities and participation in corporate affairs of its appointive director of the Catskill Regional Off-Track Betting Corporation and whether or not other corporate activities of the Catskill Regional Off-Track Betting Corporation are subject to investigative and subpoena powers of the County Legislature.
County Law, § 209, provides:
 "The board of supervisors is empowered to conduct an investigation into any subject matter within its jurisdiction, including the conduct and performance of official duties of any officer or employee paid from county funds and the accounting for all money or property owned by or under the control of the county. The power to conduct investigations may be delegated to a committee of the board. The chairman of the board and any member of such committee may issue a subpoena requiring a person to attend before the board or such committee and be examined in reference to any matter within the scope of the investigation, and in a proper case to produce all books, records, papers and documents material or relevant to the investigation. * * *" (Emphasis supplied.)
Article VI contained in chapter 2 of Title 21 of the Pari-Mutuel Revenue Law, as amended by Laws of 1973, chapter 346, provides for off-track pari-mutuel betting and Article VII-A (McKinney's Unconsolidated Laws, § 8113) makes provision for the establishment of regional off-track betting corporations. The Catskill Regional Off-Track Betting Corporation was established pursuant to said section 8113 and McKinney's Unconsolidated Laws § 8063 including Rockland County as a participating county. By law each regional off-track betting corporation is a body corporate and politic constituting a public benefit corporation (section 8113) with a purpose to derive reasonable revenue for the support of government and to prevent and curb unlawful bookmaking (section 8062).
McKinney's Unconsolidated Laws, § 8113, provides in part:
 "1. A regional off-track betting corporation is hereby established for each region, except the New York city region for which the New York city off-track betting corporation established pursuant to and subject to article seven of this act shall constitute the regional corporation and such article seven shall govern such New York city off-track betting corporation. Each regional corporation shall be a body corporate and politic constituting a public benefit corporation. Each corporation shall be administered by a board of directors consisting of two members from each participating county containing a city of over one hundred fifty thousand in population, according to the last federal census, and one member from each other participating county. The members shall be appointed by the county governing body * * *.
* * *
 "4. Each director shall continue to serve until the appointment and qualification of his successor.
 "5. The directors shall be removable for cause by the state board, upon charges and after a hearing.
* * *
 "8. The directors shall not be entitled to any compensation for their services, but shall be entitled to reimbursement for their actual and necessary expenses incurred in the performance of their official duties." (Emphasis supplied.)
McKinney's Unconsolidated Laws, § 8064(1), provides;
 "1. The New York state racing and wagering board shall have general jurisdiction over the operation of all off-track betting facilities within the state, and the board shall issue rules and regulations in accordance with the provisions of this article in order to ensure the accomplishment of the purposes set out in section one hundred sixteen of this article."
McKinney's Unconsolidated Laws, § 8068(1) authorizes the New York State Racing and Wagering Board to prescribe uniform methods of accounting and section 8068(2) mandates that each regional off-track betting corporation submit daily accounting reports to said Board.
McKinney's Unconsolidated Laws, § 8127, provides in part:
 "1. The monetary transactions of the corporation and the keeping of its books and accounts shall be under the supervision of the board of directors who shall be subject to the general and specific jurisdiction of the state board and to audit by the comptroller.
* * *
 "3. The comptroller and his legally authorized representative are authorized to and shall from time to time but at least once annually, examine the accounts and books of the corporation, including its receipts, disbursements, contracts, leases, sinking funds, investments and any other records and papers relating to its financial standing."
General Construction Law, § 65, provides in part:
"a. A corporation shall be either,
"1. A public corporation * * *.
* * *
"b. A public corporation shall be either * * *.
* * *
 "3. A public benefit corporation." (Emphasis supplied.)
The Catskill Regional Off-Track Betting Corporation is a public corporation distinct and apart from the County of Rockland (Cuilla v.State, 191 Misc. 528 [Court of Claims, 1948]; Driscoll v. Troy HousingAuthority, 6 A.D.2d 981 [3d Dept., 1958], revd. on other grounds6 N.Y.2d 513).
It is apparent that the director appointed by Rockland County to the Catskill Regional Off-Track Betting Corporation is not paid from County funds nor is the money or property of said Corporation under the control of Rockland County within the purview of County Law, § 209. Ample provisions for the control of regional off-track betting corporations, including the power of removal of a director, is vested in the New York State Racing and Wagering Board. The monetary transactions of a regional off-track betting corporation are also subject to audit by the State Comptroller.
From all of the foregoing, we conclude that the Legislature of Rockland County has no authority to investigate matters pertaining to the activities and participation in corporate affairs of its appointive director or any other corporate activities of the Catskill Regional Off-Track Betting Corporation either with or without the exercise of subpoena power.