OPINION OF THE COURT
Stephen G. Crane, J.
Plaintiff, the Dormitory Authority of the State of New York (Dormitory Authority), has moved for a trial preference pursuant to CPLR 3403 (a) (1). Plaintiff claims it is entitled to a preference under CPLR 3403 (a) (1) as a "board of officers of the state.” Third-party defendant, Ewell W. Finley, P. C. *877 (Finley), argues that the suit has not been brought by "any such 'board’ but by the Dormitory Authority itself,” and the Dormitory Authority is not entitled to a preference because it is a public benefit corporation, separate and distinct from the State. The motion for a preference is granted on the basis of the following analysis.
The issue of whether the Dormitory Authority is entitled to a trial preference pursuant to CPLR 3403 (a) (1) has never before been decided. CPLR 3403 (a) (1) states that the following actions shall be entitled to a preference: "an action brought by or against the state, or a political subdivision of the state, or an officer or board of officers of the state or a political subdivision of the state, in his or its official capacity, on the application of the state, the political subdivision, or the officer or board of officers.” The Dormitory Authority is designated as a "board” consisting of the Commissioner of Education, the Comptroller, the Director of the Budget and four members to be appointed by the Governor, by and with the advice and consent of the Senate. (Public Authorities Law § 1677 ["A board, to be known as the 'Dormitory Authority,’ is hereby created”].) The Dormitory Authority then is certainly a "board” within the meaning of CPLR 3403 (a) (1). All of the members of this board, known as the Dormitory Authority, are State officers. They are "state officers” within the definition of that term in Public Officers Law § 2: "The term 'state officer’ includes every officer for whom all the electors of the state are entitled to vote * * * and every officer, appointed by one or more state officers, or by the legislature, and authorized to exercise his official functions throughout the entire state, or without limitation to any political subdivision of the state.” Inasmuch as the Dormitory Authority is a board consisting entirely of State officers, the conclusion is inescapable that the Dormitory Authority is a board of officers of the State as enumerated in CPLR 3403 (a) (1).
Few cases exist where a preference has been granted to a board of officers of the State. The Commissioners of the State Insurance Fund (SIF) have been granted trial preferences as a board of officers of the State. (Commissioners of State Ins. Fund v Bay Bros. Realty Corp., 29 Misc 2d 670 [Sup Ct, NY County 1961]; Commissioners of State Ins. Fund v Statland, 181 Misc 117 [Sup Ct, NY County 1943]; Commissioners of State Ins. Fund v Dinowitz, 179 Misc 278, 281 [Sup Ct, NY County 1942].) These preferences were granted under Rules of Civil Practice, rule 151 (1) which was later incorporated in *878 CPLR 3403 (a) (1) with no relevant changes. The Commissioners of the SIF consist of the Industrial Commissioner (renamed Commissioner of Labor), the Commissioner of Health, and six others appointed by the Governor with the advice and consent of the Senate. (Workers’ Compensation Law §77.) Thus, the Commissioners of the SIF comprise a board of State officers entitled to a trial preference.
The court agrees with Finley that the Dormitory Authority is a "body corporate and politic constituting a public benefit corporation” (Public Authorities Law § 1677) which is an independent corporate agency, separate and distinct from the State. (Matter of Dormitory Auth. [Span Elec. Corp.], 18 NY2d 114, 118 [1966]; Thompson Constr. Corp. v Dormitory Auth., 48 Misc 2d 296, 298 [Sup Ct, Albany County 1965]; Windalume Corp. v Rogers & Haggerty, 36 Misc 2d 1066, 1067 [Sup Ct, NY County 1962].) By contrast, the SIF is a State agency. (Methodist Hosp. v State Ins. Fund, 102 AD2d 367, 372 [1st Dept 1984], affd 64 NY2d 365; Matter of State Ins. Fund v Boyland, 282 App Div 516, 524 [1st Dept 1953], affd 309 NY 1009; Skakandy v State of New York, 274 App Div 153, 155 [3d Dept 1948], affd 298 NY 886.) However, the Dormitory Authority is an "agent and instrumentality of the State.” (1949 Opns Atty Gen 138, 139.) It has also been characterized as a "governmental entity.” (Safway Steel Prods. v Craft Architectural Metals Corp., 183 AD2d 452 [1st Dept, May 12, 1992].) This distinction between the Commissioners of the SIF and the Dormitory Authority notwithstanding, they are each a board of officers of the State for purposes of CPLR 3403 (a) (1).
To agree with Finley that the Dormitory Authority cannot be granted a preference under CPLR 3403 (a) (1) as if it were the State itself does not mean that plaintiff is deprived of the benefit of the distinct category "board of officers of the state.” The logical implication of Finley’s argument is that only a board of officers that is a State agency and, therefore, the State itself can take advantage of this preference. Such an argument obliterates the distinction between the two categories in CPLR 3403 (a) (1), the "state” and a "board of officers of the state.” Since the court in construing legislation must give effect to each part of the statute (McKinney’s Cons Laws of NY, Book 1, Statutes § 98), it must reject Finley’s argument based on the status of the Dormitory Authority as not a State agency.
Neither was the Mount Vernon Housing Authority a State *879 agency or political subdivision of the State. (Mount Vernon Hous. Auth. v American Motorists Ins. Co., 21 AD2d 788 [2d Dept 1964].) This Authority had claimed a preference under CPLR 3403 (a) (1) only as a political subdivision. It did not invoke the "board of officers” language. Thus, the issue of whether the Mount Vernon Housing Authority was a board of officers of the State or a political subdivision of the State was not presented or decided. Its application for a trial preference was rejected only because it "is neither a State agency * * * nor a political subdivision of the State.” (Mount Vernon Hous. Auth. v American Motorists Ins. Co., supra.)
That rejection can be of little comfort to Finley in the case at bar. The Dormitory Authority is not a housing authority. Housing authorities are public corporations (Public Housing Law § 3 [2]). Like the Dormitory Authority, they, too, are separate and distinct from the State. (Mount Vernon Hous. Auth. v American Motorists Ins. Co., supra; Matter of Driscoll v Troy Hous. Auth., 6 AD2d 981, 982 [3d Dept 1958]; Ciulla v State of New York, 191 Misc 528, 530 [Ct Cl 1948]; Tretter, Legal Foundations of Housing in New York: The Constitution and the Occupancy Tax Plan, 16 NY U L Rev 83, 84 [1938]; Foley, Low-Rent Housing and State-Financing, 85 U Pa L Rev 239, 253 [1937].) The Mount Vernon Housing Authority in particular is a "body corporate and politic” consisting of five members (Public Housing Law § 419) appointed by the Mayor (Public Housing Law § 30 [2]) not more than one of whom may be an official or employee of the municipality at any one time (Public Housing Law § 30 [4]). Although the Dormitory Authority is also a "body corporate and politic” separate and distinct from the State, it is a "board” of which all eight members are State officers. Not so the Mount Vernon Housing Authority. It is a body consisting of five "members” which, save one, may not be municipal officers or employees.
The Dormitory Authority more closely resembles the Commissioners of the SIF than the Mount Vernon Housing Authority. Just as the Commissioners of the SIF have been granted trial preferences as a board of officers of the State under CPLR 3403 (a) (1), so also must the Dormitory Authority be accorded a trial preference as a board of officers of the State, regardless of the fact that the Dormitory Authority is separate and distinct from the State.