HONOUR B. GELSON, Respondent, v. THE CITY OF NEW YORK, Appellant.* — Judgment modified by reducing it to a sum that will compensate the plaintiff for the months of January, February and March, to wit, $1,125, with interest thereon from August 1, 1931, plus $120 costs of the action, and as thus modified unanimously affirmed, without costs. The record does not satisfactorily reveal the actual rendering of service by the plaintiff subsequent to March 15, 1931. In any event she terminated her tenure of office by delivering her resignation to the corporation counsel on March 30, 1931, on which day the resignation took effect, there being no need for an acceptance thereof to give it that effect. This result eventuates whether she be deemed either an employee or an officer. We have assumed in prior litigation* that her status as assistant corporation counsel was that of an officer, hence the effect of her resignation was controlled by section 31 of the Public Officers Law. If she be deemed a mere employee, her employment was without a definite term, a hiring at will. She was removable at pleasure under the charter (§ 256) and she could terminate her service at any time. At common law, either side (employer or employee) could terminate or determine a hiring at will without regard to the other's will (indicated or not); hence the resignation herein was effective without acceptance, formal or otherwise, on the part of the employer. (Wood Law of Master & Servant [2d ed.], p. 283; 1 Labatt Master & Servant [2d ed.], § 159, and cases cited; 39 C. J. 71, § 60, and cases cited; *Watson* v. *Gugino*, 204 N. Y. 535.) Present — Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ.

SAMUEL GOLDINGER, Respondent, v. THESIUM AMUSEMENT CORPORATION, Appellant.— Order vacating and setting aside stipulation, decision and all proceedings and setting the case down for trial affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ., concur.