## STATE ex STALEY v LAKEWOOD (city) et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13885.   Decided May 7, 1934

McDonald, Webster & Thompson, Cleveland, for relator.

R. G. Curren, Cleveland, for defendants.

724

## OPINION

By LEVINE, J.

In the final analysis there is but one question before us, namely, the right of relator to withdraw his resignation which he tendered before the date when the same was to be effective, and also whether or not the letter which he addressed to the defendants advising them that he withdraws his resignation effected the result which he sought to achieve.

It may be taken as conceded that when the relator Staley tendered his resignation he specified that the same is to take effect on the 15th of December, 1933; that the letter of Mayor Kauffman, which acknowledged the receipt of Staley's letter of December 7th, in which he tendered his resignation, did not in express words state that the resignation is accepted, but it does contain the following language: "By this resignation you will understand that you will be continued on the payroll up to and including December 15th."

Does a municipal employee in the classified service have the right to withdraw prior to the effective date thereof a previously filed resignation which is to become effective at a future date? The Civil Service Commission of the City of Lakewod in 1914 formulated and adopted rules and regulations for the government of classified employees, rule ten of which follows generally the provisions of §486-16 GC and is as follows:

"Any officer or employe in the classified service who has resigned from said office or position, may be restored to the eligible list therefor, upon his written request, unless at the time of said resignation charges were pending against such officer or employe for official misconduct or incompetency; provided such request be made within thirty (30) days after said resignation shall have been accepted."

The word "may" as found in the above section does not intend to lodge discretion with the Civil Service Commission to restore or not to restore an employee in the classified service who has resigned. The

law intends to confer a right upon such employee which he may exercise within the time limit set forth in said rule.

It is not unreasonable to assume that it was the intention of the Legislature of the State of Ohio and of the Civil Service Commission of the City of Lakewood to exercise liberality towards employees in the classified service who have severed their connection with such service, by permitting them to be restored to the eligible list within a given time after resignation. The same rule of liberality should be applied to the present situation.

It will be observed that the position which Staley held prior to his tender of resignation has not been vacated; that no one has been appointed in his place; that he has reported for work daily and has at all times been ready, able and willing to perform any of the duties which might be assigned to him as a member of the Police Department of the City of Lakewood. There were no charges pending against the officer for official misconduct of incumbency.

Furthermore, between December 7th, the date of Staley's tender of resignation and December 15th, the date when the same was to become effective, he was on duty and performed all that was required of him in the performance of his duty as a police officer in the City of Lakewood. He has at no time relinquished the possession of his office.

In the case of Biddle v Willard, 10 Ind. 62, the court said:

"To constitute a complete and operative resignation by a Judge of the Supreme Court, there must be an intention to relinquish a portion of the term of office accompanied by the act of relinquishment."

And in the course of the opinion we find the following:

"Hence a prospective resignation may in point of law amount but to a notice of intention to resign at a future date or a proposition to so resign; and for the reason that it is not accompanied by giving up of the office, possession is still retained and may not necessarily be surrendered till the expiration of the legal term of office because the officer may recall his resignation—may withdraw his proposition to resign."

To constitute a complete and operative resignation of a public officer, there must be an intention to relinquish a part of the term accompanied by an act of relinquishment.

State v Huff, 172 Ind., page 1.

State v Ladeen, 104 Minn., page 252; 16 L. R.A. N.S., page 1058.

A written resignation delivered to the Board or officer authorized to receive it, is prima facie, but not conclusive evidence of an intention to relinquish the office. State v Ladeen, supra.

The adjudicated cases seem to draw a distinction between an unconditional resignation to take immediate effect and one which is to take effect in the future. When an unconditional resignation to take immediate effect has been transmitted to the power authorized to accept it, it is held by some courts that it cannot be withdrawn. State v Murphy, 30 Nev. 409; 18 L.R.A. N.S. page 1210.

On the other hand, many courts adhere to the view that a prospective resignation before its acceptance may be withdrawn in spite of the fact that it is unconditional in its terms.

State v Fowler, 160 Ala., 186.

State v Huff, 172 Ind., 1; 5 Ann. Cases, 690.

State v Stickley, 80 S. C., 64; 15 Ann. Cases, 136.

Apparently a resignation to take effect in the future may be withdrawn prior to the time it has taken effect, even against the will of the body to which it is tendered, and which has accepted it. State v Murphy, supra, 18 L.R.A., N.S. 1210.

The relator Staley was entitled to continue in his position during good behavior since no charges were pending against him for official delinquency or incompetency. His declaration of an intention to relinquish his position at a future date does not so bind him as to bar him from withdrawing the same before the date specified in his letter of resignation when the same was to take effect.

We are, therefore, of the opinion: First: That the weight of adjudicated cases in other states permit Staley to withdraw his resignation prior to the date when the same was to become effective. Second: That to give this intention to relinquish his position an operative effect, it must be accompanied by the act of relinquishment.

Upon the above considerations it is adjudged and decreed that a writ of mandamus issue from this court restoring the relator to his former position as a police officer, and that he be granted all further relief as prayed for in the petition. A journal entry will be drawn accordingly.

LIEGHLEY, PJ, and McGILL, J, concur in judgment.