In the Matter of the Application of HAROLD HAZELTON, Petitioner, for a Final Order against JOHN E. CONNELLY, Chairman, and Others, Respondents.

Supreme Court, Special Term, New York County, February 4, 1941.

*Morris M. Marcus*, for the petitioner.

*John J. Bennett, Jr., Attorney-General [Oscar S. Mann* of counsel], for the respondents.

PECORA, J. Petitioner seeks an order, pursuant to article 78 of the Civil Practice Act, reinstating him to his former position as underwriting supervisor of the public agency known as the State Insurance Fund, and directing that he be recognized as an employee in good standing of said agency. The facts seem to be undisputed. The respondents raise a preliminary question as to whether a proceeding under article 78 is proper here. I believe it is, and hence will consider it on its merits.

On October 16, 1940, the petitioner was an employee of the State Insurance Fund, with the title of principal underwriter. On

that date he delivered a writing to the State Insurance Fund, a copy of which is annexed to his petition as Exhibit " A." After some introductory remarks the writing ends with the following language: " I ask that you kindly accept my resignation to become effective as of November 1, 1940." The State Insurance Fund acted upon that writing on October 17, 1940, when, in accordance with the rules and regulations of the Civil Service Department, a form was forwarded to the State Civil Service Commission at Albany, advising it of the petitioner's resignation. From October sixteenth to October thirty-first petitioner did not report for work, although he has been paid for such time. On October 31, 1940, petitioner wrote another letter to the State Insurance Fund purporting to cancel and withdraw his resignation (this letter refers to his original letter as an " offer of resignation "). He was informed on November 2, 1940, that his position had already been vacated, and that the State Insurance Fund had no power to nullify his resignation.

The question here presented is one of the legal effect of petitioner's letter of October 16, 1940. Petitioner was appointed by the Executive Director of the State Insurance Fund pursuant to power given by subdivision 2 of section 82 of the Workmen's Compensation Law. He took the oath of office provided for in section 30 of the Civil Service Law, and he was thereafter bonded. He was, therefore, a public officer as defined by section 27 of the Civil Service Law; and also a State officer as defined by section 2 of the Public Officers Law.

Sections 30 and 31 of the Public Officers Law provide for the resignation of public officers. Section 31 states: " Every resignation shall be in writing addressed to the officer or body to whom it is made. If addressed to an officer it shall take effect upon delivery * * *. If addressed to any other body it shall be delivered to the presiding officer or clerk of such body, if there be one, and if not, to any member thereof, and shall take effect upon such delivery."

Petitioner claims that his letter of October 16, 1940, amounted to a prospective resignation which, even though accepted, did not take effect until the day named therein; that it was a notice of intention to resign. Some courts have drawn a distinction between an unconditional and a prospective resignation, and have held that the latter may be withdrawn before the time it is stated to take effect. (See *State ex rel. Staley* v. *City of Lakewood,* 47 Ohio App. 519; 192 N. E. 180; and cases cited therein; *Babbitt* v. *Shade,* 60 Ohio App. 100; 19 N. E. [2d] 778.)

However, because of the provisions of sections 30 and 31 of the Public Officers Law, there can be no prospective resignation of a public officer in this State. Immediately upon the submission of petitioner's letter of resignation his office became vacated. No acceptance was necessary. (Dillon, Municipal Corporations [4th ed.], § 224. See, also, *Olmstead* v. *Dennis*, 77 N. Y. 378.)

In the somewhat analogous case of *Matter of Cassedy* v. *Wilkins* (137 Misc. 748) the court held that resignations were complete when filed. Upon sound reasoning, the court there concluded (p. 750): " The fact that each of the officers in question stated in his certificate of resignation that it would not be effective until December thirty-first does not * * * change the result. The statute provides a particular mode by which public officers may resign. That method is exclusive. The statute also clearly specifies when it shall be effective. * * * There is no provision in our statute for a resignation prospective or conditional in character." (See, also, *Gelson* v. *City of New York*, 237 App. Div. 889.)

It is my opinion that by his letter of October 16, 1940, petitioner resigned his office, and that it became vacant immediately upon the delivery of his letter on that date. His letter of October 31, 1940, was wholly ineffective to change his status. The petition is, therefore, dismissed. Settle order.