E. Howard Ringrose, J.
Fred Haynes, the petitioner in this proceeding, challenges the legality of the certification of Arthur Oswald by Maurice McGrath, respondent, as chairman of the Oswego County Democratic Committee for appointment by the Board of Supervisors of Oswego County to the vacancy existing on the Board of Elections caused by the death on January 30, 1951 of Marie Covell, the Democratic member.
The method of filling a vacancy occurring on the Board of Elections of a county is governed by section 31 of the Election Law of the State of New York, as amended by section 4 of *77 chapter 574 of the Laws of 1949, which reads: “ If at any time a vacancy occurs in the office of any commissioner of elections, by death, resignation, removal or inability to serve, the chairman of the county committee of the political party to which such commissioner belongs * * * shall likewise make and file a certificate in substantially the [same] form and executed and acknowledged as above provided, recommending the name of a qualified person to fill the vacancy.” The same section prescribes the form of the certificate as follows: “I,........, chairman of the county committee of the ........ party, for the county of........do hereby, in accordance with the provisions of the election law, certify that in the opinion of a majority of such committee, pursuant to a resolution duly adopted, ........, a resident and qualified voter of * * * the county of........, is a fit and proper person to be appointed a commissioner of elections, and I do hereby recommend him for appointment to such office. In witness whereof, I have made and executed this certificate, this ........ day of ........, 19... ”.
The requirement that the certification of the candidate for appointment must have the approval of a majority of the county committee of the political party represented has been generally recognized. (48 N. Y. St. Dept. Rep. 250.)
The principal question here is whether the candidate certified had the approval of the majority of the members of the county committee within the purview of the above section. The meeting of the Democratic County Committee called for the purpose of approving a candidate was held on the 24th day of February, 1951. A total of 137 votes were cast, either personally or by proxy, for the two candidates, of which Arthur Oswald received 71, and Fred Haynes, 66.
It is the contention of the petitioner that eight of those voting for Oswald were not members of the committee at the time of the meeting, and that their votes should be rejected for the reason that they had resigned their office as committeemen as a prerequisite to the acceptance of positions with the Department of Census.
The respondent concedes that eight of the members voting had resigned, as claimed by the petitioner, and claims further that one of those who voted for the petitioner had also resigned previous to her appointment as census enumerator, which is not denied by the petitioner. He also claims that previous to the meeting of the committee, the nine members who had resigned under the circumstances above related, with the respondent’s permission, withdrew their resignations and *78 thereby became reinstated to the office of committeemen. The fallacy of this argument is self-evident. A resignation once submitted to the appropriate authority is operative immediately and a vacancy in the office to which it relates exists. (1913 Atty. Gen. 293; 1911 Atty. Gen. 501; Matter of Hazelton v. Connelly, 175 Misc. 765; Matter of Cassedy v. Wilkins, 137 Misc. 748; Gelson v. City of New York, 237 App. Div. 889, affd. 262 N. Y. 497.)
The respondent also claims that the vote of Charlotte Klein, one of the committeemen, should have been tabulated in favor of Oswald, but that it was rejected on the ground that she executed a proxy in favor of each candidate. In an affidavit appended to respondent’s answer, Mrs. Klein vigorously denies the execution of a proxy in favor of Haynes and avers that the only proxy executed by her was in favor of Oswald. This raises an issue which may not be decided on affidavits and her vote will not be considered in the disposition of this matter.
Exclusive of these controversial votes, Fred Haynes, the petitioner, received 65, and Arthur Oswald, 63. In this connection the respondent claims that the votes should be tabulated on the basis of representation and not numerically. Section 12 of the Election Law of the State of New York, provides in part as follows : ‘ The county committee of each party shall be constituted by the election in each election district within such county of at least two members and of such additional members as the rules of the county committee of the party within the county or the statement filed pursuant to section eighteen may provide for such district, proportional to the party vote in the district for governor at the last preceding gubernatorial election, or in case the boundaries of such district have been changed or a new district has been created since the last preceding gubernatorial election, proportional to the party vote cast for members of assembly or in the event there was no election for member of assembly, then proportional to the party enrollment in such district at the last preceding general election. * * * In a county in which no additional members are provided for by rules of the county committee or the statement filed pursuant to section eighteen, the voting power of each member shall be in proportion to such party vote. In a county in which additional members are so provided for, on the basis of the party vote in election districts, or from assembly districts, each member shall have one vote.” This was obviously designed to assure party management on a representative basis. (Thayer v. Ganter, 174 Misc. 394.)
*79 A certificate of the Board of Elections of Oswego County appended to- the respondent’s answering petition certifies that no certificate pursuant to section 18 of the Election Law of the State of New York providing for the election of more than two Democratic committeemen in any election district in the County of Oswego, New York, has been filed.
The rules and regulations of the Democratic County Committee of the County of Oswego of which a certified copy is likewise attached to the answering petition of the respondent contain no provision for the election of additional committeemen except as may be necessary to prevent a tie vote.
The voting power of the county committee is, therefore, governed by the Election Law and based upon the party vote in the respective election districts. According to a certificate of the Board of Elections of Oswego County, the gubernatorial vote of the Democratic party for the year 1950 was 9,296. A majority of this vote would be 4,649. On the basis of the party vote cast by the committeemen at the meeting of the Oswego County Committee of February 24, 1951, Oswald received an equivalent of 4,140 votes, which is considerably less than a majority. There is no averment in the petition of either party as to the normal membership of the Democratic County Committee, although a list obtained from the election department indicates a membership as of September 26,1949, of 143, a majority of which would be 72.
Although it is concluded that the voting power of the county committee is based upon the popular vote in their respective districts, as heretofore indicated, it is, nevertheless, apparent that neither candidate received a majority vote at the meeting of the county committee held on February 24, 1951, either on a numerical basis of the membership, or on the basis of the party vote at the last gubernatorial election. While the appointment of the nominee rests exclusively with the Board of Supervisors and may be rejected (Matter of Thomas v. Wells, 288 N. Y. 155), nevertheless, an appointment may not be made except upon the certification of the chairman of the county committee (Matter of Kane v. Gaynor, 202 N. Y. 615, affg. 144 App. Div. 196 on concurring opinion by Btjbb, J.), and to assure representative management of the party, adherence to the provisions of section 31 of the Election Law requiring the approval of a majority of the county committee of the party concerned is required.
Accordingly the petition is dismissed insofar as an order is sought requiring the respondent to certify the name of the petitioner as the candidate having the approval of a majority of *80 the members of the county committee, and sustained to the extent that it challenges the validity of the recommendation by the respondent of Arthur Oswald, on the ground that he failed to have the approval of a majority of the members of the county committee.