MCCAFFREY *v.* CITY OF CLEVELAND ET AL.

(No. 37979—Decided July 11, 1977.)

*Mr. Patrick L. Gerity,* for relator.
*Mr. Malcolm C. Douglas, Mr. Howard H. Fishkin,* and
*Ms. Karen B. Newborn,* for respondents.

JACKSON, J. On May 26, 1977, the relator, J. Francis McCaffrey, filed a complaint in prohibition and an application for an alternative writ of prohibition as an original action in the Eighth District Court of Appeals. The complaint alleged that the respondents, city of Cleveland and individual members of the Civil Service Commission, had removed relator's name from a list of policemen certified for promotion to the rank of sergeant in the Cleveland Police Department, and that the respondents were without legal authority to withdraw a name which the Civil Service Commission has certified for promotion, or to reverse determination of eligibility by the Commission of a person previously certified. The complaint prayed that this court grant a writ of prohibition to restrain the respondents from establishing a list of policemen certified for promotion to sergeant of police unless such list reflects the "correct and rightful position of the relator."

This court, on May 26, 1977, did grant an alternative writ of prohibition, and the respondents responded by filing a "Motion to Dismiss." Attached to this motion were matters outside the pleading including affidavits of various city and civil service officials and regulations of the Civil Service Commission. The relator was permitted to file a brief in response to respondent's motion to dismiss.

Civil Rule 1 (C) (7) provides that unless clearly inapplicable, the Rules of Civil Procedure are applicable to the instant case. Therefore, the respondents' motion to dismiss shall be treated as a motion for summary judgment and disposed of as provided in Civil Rule 56, as the motion presents matters outside the pleadings for consideration by the court, Civil Rule 12 (B).[1]

---

[1] Civil Rule 12 (B) provides in part:
"* * * When a motion to dismiss for failure to state a claim upon

The record before this court for consideration discloses no dispute as to the following facts: The relator had been a member of the Cleveland Police Department since 1963, when, on December 9 and 10, 1974, he took the civil service examination for promotion to sergeant of police. In April of 1975, the relator was informed of the results of the examination and his position on the promotion list for sergeant of police.

Subsequently, on March 25, 1976, the relator submitted his resignation to his department superior. It read:

"This date, March 25, 1976, I flied [*sic*] petitions with the Board of Elections for the office of Sheriff of Cuyahoga County. It is with great regret that I submit my resignation from the Cleveland Police Department.

Respectfully,

/s/ J. Francis McCaffrey"

On April 26, 1976, the Civil Service Commission accepted the relator's resignation effective March 25, 1976. The relator received a voucher for his accumutated vacation and overtime pay for gross earnings of $18,257.40, and a check in the net amount of $12,597.61,[2] which he deposited in his bank account.

Prior to the acceptance of relator's resignation by the Civil Service Commission, however, the relator on April 9, 1976, notified the department that he had withdrawn his petitions to run for sheriff and requested permission to "return to work at the Cleveland Police Department." The Commission, at its meeting a month later on May 10, 1976, approved the relator's request for reinstatement as patrolman.

The dispute in the instant case arises out of the facts that the relator was notified on May 11, 1977, and again on May 23, 1977, that his name was included in a list of four names certified to the Department of Public Safety for promotion. From this list appointments were to be made

---

which relief can be granted presents matters outside the pleadings and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. * * *"

[2]Relator's Exhibit E-3.

to the position of sergeant of police for the city of Cleveland.

On May 25, 1977, the relator received the following letter dated May 23, 1977, from the Civil Service Commission:

"The recent certification sent to you for the position of Sergeant of Police, City of Cleveland, was sent in error.

"Please disregard same."

The relator subsequently brought the instant action in this court alleging that the Civil Service Commission lacks jurisdiction to remove his name from the list of those certified for promotion.[3] We find this argument to be without merit. While there is precedent holding that a Civil Service Commission is without authority to remove names from the list of those certified solely on the basis that such removal was requested by the appointing officials, *see* *Tiernan* v. *Cincinnati* (1915), 18 Ohio N. P. (N. S.)145, there is implicit authority in the Commission to correct errors that may have been made by it in certifying a name to the appointing officials. The provision of R. C. 143.24 require that promotions be made on the basis of merit; if the Commission erred in certifying a name that error must be corrected to prevent a violation of the statute.

In the case at bar the cancellation of relator's certification was based upon express provisions of Civil Service Commission Rule 8.42, which states in part:

"* * * An officer or member so reinstated [into the police or fire service] shall not be entitled to seniority credit for service prior to resignation nor shall such service be considered in determining the eligibility of such reinstated member to enter promotional examinations."

The respondents argue that R. C. 143.24 requires that

---

[3] If the relator is correct and the Civil Service Commission lacks jurisdiction to remove his or any name from the list of those certified for promotion a writ of prohibition would be the appropriate remedy. A writ of prohibition lies to prevent the usurping or exercising of jurisdiction by a tribunal with which it has not been invested by law. *State, ex rel. Gyurcsik,* v. *Angelotta, Judge* (1977), 50 Ohio St. 2d 345; *State, ex rel Staton,* v. *Common Pleas Court* (1965), 5 Ohio St. 2d 17.

promotions in the classified service should be based not only upon promotional examinations, but also upon conduct and capacity in office *and seniority in service.* Consequently, by virtue of his resignation, relator, pursuant to Civil Service Rule 8.42, lost all seniority rights, including his position on the eligible list for promotion.

The relator's counter-arguments are two-pronged. First, he argues that since he requested reinstatement into the police department prior to the acceptance by the Civil Service Commission of his resignation, he never, in fact, resigned from the force. Second, he argues that Civil Service Rule 8.42 does not apply to him as he is not a reinstated member of the department attempting to take a promotional examination, but rather, a reinstated member who properly took a promotional examination prior to his resignation.

The relator's first argument is without merit. The relevant date for consideration by this court in determining this issue is not the date of the request by relator for reinstatement, but rather, the date the Civil Service Commission approved relator's request for reinstatement, which was May 10, 1976. Once the Commission had accepted relator's resignation it was under no obligation to automatically reinstate him, R. C. 143.25. Therefore, so long as the Commission accepted relator's resignation prior to considering his request for reinstatement the relator's resignation was legally effective and his resignation from the police force was in fact consummated.[4]

The second argument by relator is also without merit. The relator requests this court to interpret provisions of Civil Service Rule 8.42 to mean that a reinstated member of the police force cannot take a promotional examination, because the rule clearly states that his former sen-

---

[4]It was stated by this court in *State, ex rel Staley,* v. *Lakewood* (1934), 47 Ohio App. 519:

"When an unconditional resignation to take immediate effect has been transmitted to the power authorized to accept it, it is held by some courts that it cannot be withdrawn. *State, ex rel. Ryan,* v. *Murphy,* 30 Nev., 409, 97 P. 391, 18 L. R. A. (N. S.), 1210."

iority credit cannot be considered for that purpose, but can at the same time be promoted on the basis of that same seniority credit, if he had properly taken a promotional examination prior to his resignation from the department. Such interpretation would not only establish unequal treatment of those who have been reinstated in the department, but would also be inconsistent with the express provisions of R. C. 143.24, the statutory authority for granting promotions in the classified civil service.

R. C. 143.24 provides in relevant part:

"* * * The director of state personnel shall provide in his rules * * * for making promotions in the classified service on the basis of merit, to be ascertained as far as practicable by promotional examinations, by conduct and capacity in office, and by *seniority in service,* * * *." (Emphasis added.)

When Civil Service Rule 8.42 is construed with reference to provisions of R. C. 143.24, we are persuaded that seniority accumulated prior to resignation cannot be considered for any purpose.

Accordingly, the motion to dismiss by the respondents, treated by this court as a motion for summary judgment, is granted and final judgment entered against the relator and in favor of all respondents.

*Motion granted.*

KRENZLER and KRUPANSKY, JJ., concur.