OPINION
Defendant Cecil Abbott appeals from the order of the trial court which denied his presentence motion to withdraw his guilty plea. For the reasons set forth below, we affirm.
On July 8, 1997, defendant was indicted in case no. 352542 for one count of burglary. Defendant was declared indigent and attorney Dennis A. Rotman was appointed to represent him.
On October 30, 1997, defendant was indicted in case no. 356377 for domestic violence (with a furthermore clause alleging a previous conviction for domestic violence), retaliation, aggravated burglary, robbery, and kidnapping. Defendant was declared indigent and attorney Donald Butler was appointed to represent him.
On December 15, 1997, defendant entered into a plea agreement with the state in both case nos. 352542 and 356377. Pursuant to this agreement, defendant pleaded guilty to the burglary charge in case no. 352542 and guilty to domestic violence, retaliation and the amended charge of burglary in case no. 356377. The remaining charges were dismissed by the state.
At the plea proceeding, defendant indicated that he had not received any threats or promises in exchange for his plea. The court explained defendant's constitutionally protected rights, the nature of the charges, the range of punishment which the court could impose, and that the court would decide defendant's sentence from this range.
Thereafter, prior to sentencing, defendant filed a pro se motion to withdraw his guilty plea in which he asserted that the guilty pleas were entered without the advice of counsel, and without defendant understanding the effect of the plea and the nature of the proceedings. In a supplemental motion, defendant explained that he received erroneous advice of counsel and that his attorney said that "he would get the burglary and robbery dropped. The defendant was therefore under the impression that counsel would achieve these results during sentencing." On January 12, 1998, the trial court held a hearing on the motion. Defendant stated that Mr. Rotman told him that he would be able to get the burglary charge reduced to a felony of the fifth degree (in case no. 356377) and that Mr. Butler told him that he would be able to get the burglary charge dismissed in case no. 352542.
Mr. Rotman told the court that he tried to negotiate for a reduction in the burglary charge but when the second indictment was issued, it contained more serious charges and it became clear that a reduction of the burglary charge in case no. 356377 might be of no overall effect. Mr. Butler told the court that in his discussions with defendant, defendant insisted that the victim of the offenses did not wish to prosecute, but that was not in fact the case. Mr. Butler also stated that defendant was fully informed that only the prosecuting attorney could dismiss charges. Thereafter, the judge indicated that there were extensive pretrials in the matter and that defendant denied receiving any promises during the plea proceedings. The trial court then denied defendant's motion to vacate his guilty pleas. The trial court sentenced defendant to a term of five years incarceration on the burglary charge in case no. 352542. Concurrent to this term, the trial court sentenced defendant to twelve months incarceration on the domestic violence charge, five years incarceration on the retaliation charge, and five years incarceration on the charge of burglary as amended. All terms were ordered to run concurrent with one another. Defendant now appeals and assigns a single error for our review.
Defendant's assignment of error states:
 THE DENIAL OF APPELLANT'S PRE-SENTENCE MOTION TO WITHDRAW HIS GUILTY PLEAS WAS AN ABUSE OF DISCRETION.
Within this assignment of error, defendant asserts that the trial court abused its discretion in refusing to permit him to vacate his guilty plea prior to sentencing.
Crim.R. 32.1 addresses the withdrawal of a guilty plea and provides:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
Prior to sentencing, a properly made motion to withdraw a guilty plea should be freely allowed and treated liberally.Eastlake v. DeNiro (1984), 21 Ohio App.3d 102, 104; Maple Heightsv. Redi-Car Wash (1988), 51 Ohio App.3d 60, 62. Nonetheless, the defendant must set forth a reasonable and legitimate basis for withdrawing a plea of guilty. State v. Xie (1992), 62 Ohio St.3d 521,527. In State v. Xie, supra, at paragraphs one and two of the syllabus, the Ohio Supreme Court stated:
 A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.
 The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court.
A trial court abuses its discretion when it acts unreasonably, arbitrarily, and unconscionably. State v. Xie, supra, at 527. Thus, an appellate court will not reverse a trial court's ruling on a motion to withdraw a guilty plea in the absence of this showing.
Moreover, guilty pleas are governed by Crim.R. 11, which provides in relevant part:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 (b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 (c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.
The underlying purpose of Crim.R. 11 (C) is to convey certain information to the defendant in order to allow him or her to make a voluntary and intelligent decision of whether or not to plead guilty. State v. Ballard (1981), 66 Ohio St.2d 473, 479-480.
In determining whether the trial court has satisfied its duties, reviewing courts have distinguished constitutional and nonconstitutional rights. See State v. Gibson (1986), 34 Ohio App.3d 146,147. Under the more stringent standard for constitutionally protected rights, a trial court's acceptance of a guilty plea will be affirmed only if it engages in meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." State v. Ballard (1981), 66 Ohio St.2d 473, paragraph two of the syllabus.
Under the broader standard for rights not protected by the constitution, reviewing courts consider whether the trial court substantially complied with the requirements of Crim.R. 11 (C) (2) and the defendant subjectively understood the implications of his plea and the nature of the rights he is waiving. State v.Nero (1990), 56 Ohio St.3d 106, 108. The court may properly determine that the defendant understood those other matters from the totality of the circumstances, without informing him directly. State v. Stewart (1977), 51 Ohio St.2d 86, 92.
In determining whether the defendant understood the information given him, the supreme court has observed that there is no easy or exact way to determine what someone subjectively understands. State v. Carter (1979), 60 Ohio St.2d 34, 38; accordState v. Flint (1986), 36 Ohio App.3d 3, 4. The Carter court stated:
 If the defendant receives the proper information, then we can ordinarily assume that he understands that information. [In deciding whether defendant had the required information] we look at all the particular facts and circumstances surrounding the case.
Moreover, "a defendant's mistaken belief or impression regarding the consequences of his plea is not sufficient to establish that such a plea was not knowingly and voluntarily made." State v.Sabatino (1995), 102 Ohio App.3d 483, 486. In addition, where the trial court has properly conducted the taking of the plea under Crim.R. 11, a defendant is not entitled to withdraw his plea on the basis of an alleged agreement between him and his defense counsel. State v. Thomas (1992), 80 Ohio App.3d 452, 454.
In this instance, the record reveals that the trial court complied with Crim.R. 11 and defendant denied receiving any promises in exchange for his guilty plea. The record is unequivocally clear that the trial court instructed defendant of his rights, elicited defendant's response and that he understood those rights, and was willing to waive them, and defendant maintained his willingness to enter pleas of guilty. The record is devoid of any indication that defendant entered his guilty pleas in an unknowing, unintelligent or involuntary manner. We find no abuse of discretion.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., and ANN L. KILBANE, J. Concur.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief. per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also S.Ct. Prac. R. II, Section 2 (A)(1).