[Cite as *State ex rel. DeFranco v. Cleveland*, 2011-Ohio-4240.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96067

---

# STATE EX REL., JASON DEFRANCO

## PLAINTIFF-APPELLANT

## vs.

# CITY OF CLEVELAND, ET AL.

## DEFENDANTS-APPELLEES

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-691052

**BEFORE:** Blackmon, P.J., Keough, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 25, 2011

**ATTORNEY FOR APPELLANT**

James L. Deese
The Western Reserve Building
1468 West 9th Street
Suite 405
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEES**

Robert J. Triozzi
Director of Law

L. Stewart Hastings
Kevin J. Gibbons
Assistant Directors of Law
City of Cleveland Law Dept.
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114

PATRICIA ANN BLACKMON, P.J.:

{¶ 1} Appellant Jason DeFranco ("DeFranco") appeals the trial court's granting of summary judgment in favor of appellees, city of Cleveland ("City"), Director of Public Safety Martin Flask ("Flask"), and the Cleveland Civil Service Commission ("Commission") (referred to collectively as the "City"), and assigns the following errors for our review:

> **"I.    The trial court committed prejudicial error when it granted respondent's motion for summary judgment."**

**"II. The trial court committed prejudicial error when it refused to consider the evidence of John Cole's personnel file."**

**"III. The trial court committed prejudicial error when it ruled that the statements of the Commission Supervisor of Civil Service Records, Munday Workman, as set forth in the affidavit of Jason DeFranco, were hearsay."**

{¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

## Facts

{¶ 3} On May 14, 2001, the City hired DeFranco as a patrol officer. He was laid off from January 4, 2004 until July 11, 2005, when he was recalled to work and returned to active duty. On April 26, 2006, DeFranco resigned to work as patrol officer with the city of North Ridgeville. On July 30, 2007, he returned to work as a Cleveland patrol officer.

{¶ 4} In late 2007, the City posted notice of the 2008-2010 competitive promotional examination for the position of police sergeant. The "Minimum Qualifications" section of the announcement provided: "Applicant shall hold legal status as a Patrol Officer of Police in the classified service of the city of Cleveland for three years at the time of filing." Civil Service Rule 8.42 provides that an officer who resigns may be reinstated, but prior service shall not be considered in determining eligibility to enter promotional examinations.

**{¶ 5}** DeFranco submitted an application to take the examination. He asked Commission employee Munday Workman ("Workman") whether his intervening employment with North Ridgeville would affect his years of service and consequently his eligibility. According to DeFranco, Workman advised him that because he had remained a patrol officer in Ohio, his employment with North Ridgeville did not constitute a break in his continuous service with the City for purposes of taking the examination and being promoted.

**{¶ 6}** On January 19, 2008, DeFranco took the examination. In April 2008, DeFranco learned that he ranked 27[1] in terms of his examination score;[1] however, his name was not included on the Civil Service Eligible List ("List") for the sergeant position. The reason he was not included was because the Commission discovered after the examination that DeFranco did not meet the three-year minimum service requirement for eligibility to take the examination. On May 2, 2008, the Commission sent DeFranco a letter advising him that per Civil Service Rule 8.42 "An officer * * * so reinstated shall not be entitled to seniority credit for service prior to resignation nor shall such service be considered in determining the eligibility of such reinstated member to enter promotional examinations." DeFranco did not return from his resignation until 2007, and under Rule 8.42 his prior service

---

[1]According to DeFranco, at least 46 people have been promoted from this list.

time was not counted; therefore, DeFranco did not meet the requirement of having worked three years as a patrol officer for the City.

{¶ 7} DeFranco admitted he received the letter and contended that he sent a letter to the Commission appealing the decision but never received a reply. On April 24, 2009, almost a year after being denied placement on the list, DeFranco filed a Complaint for Writ of Mandamus in the Cuyahoga County Common Pleas Court seeking an order directing the City to promote him to sergeant.[2] Specifically, DeFranco alleged that his test score placed him at number 27 on the promotional list; that the Commission removed him from the promotional list without cause; that he was entitled to be promoted to the rank of sergeant based on his performance; and that the City was under a "clear legal duty" to promote him to sergeant.

{¶ 8} DeFranco filed a motion for summary judgment. The City opposed the motion and filed a motion for summary judgment. The trial court granted summary judgment in favor of the City in an 11-page opinion.

**Disputed Issues of Fact**

---

[2] On July 15, 2009, he filed a Verified Amended Complaint for Writ of Mandamus.

**{¶ 9}** In his first assigned error, DeFranco argues the trial court erred by granting summary judgment in favor of the City because material facts were in dispute.[3]

**{¶ 10}** We review an appeal from summary judgment under a de novo standard of review. *Baiko v. Mays* (2000), 140 Ohio App.3d 1, 746 N.E.2d 618, citing *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 506 N.E.2d 212; *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.* (1997), 121 Ohio App.3d 188, 699 N.E.2d 534. Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. Civ.R. 56 summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion that is adverse to the non-moving party. Our de novo review of the matter indicates that there are no disputed issues of   material fact that would have affected the judgment in this case.

**{¶ 11}** DeFranco argues that the fact the City allowed Sergeant John Cole ("Cole") to be promoted indicates the City previously interpreted Rule

---

[3]He also reasserts the fact the trial court had jurisdiction over his writ of mandamus; however, because the appellees failed to file a cross appeal contesting the trial court's jurisdiction, we need not address this issue.

8.42 as not affecting the seniority of those who resign but continue to work in law enforcement. After approximately nine years, Cole left the City's employ in November 2000 to become an assistant county prosecutor. He returned to his position as a patrol officer in April of 2001 and in 2002 was promoted to sergeant. The City used Cole's date of original hire for purposes of determining his seniority prior to promoting him. DeFranco argues this shows that the City interpreted Rule 8.42 as not affecting the original date of hire when the person resigns to continue work in law enforcement; thus, he is entitled to have the date of his original hire constitute the date from which his seniority is determined. We disagree because DeFranco's situation is not analogous to Cole's.

{¶ 12} Cole did not resign from his position as a patrol officer; he took a leave of absence from the department to work as an assistant prosecutor with Cuyahoga County. Rules 8.30 and 8.31 govern leaves of absence and do not state that a leave of absence affects the seniority of the person leaving. DeFranco points to the fact that Cole initially submitted his resignation to the Chief of Police, Michael McGrath, and asserts that Rule 8.42 therefore applied to Cole's situation. However, less than 30 days after submitting his resignation, Cole rescinded the resignation and submitted a leave of absence instead. The rescission occurred prior to the Civil Service officially accepting this resignation; therefore, we agree with the City that Cole's initial

resignation was not valid.   This court in *McCaffrey v. Cleveland* (1977), 56 Ohio App.2d 187, 383 N.E.2d 144, affirmed by (1978), 54 Ohio St.2d 340, 377 N.E.2d 490, addressed a situation where a patrol officer argued he was eligible to be placed on the promotion list because he requested reinstatement prior to the Civil Service accepting his resignation.   This court held that once the Commission accepted the officer's resignation, it was "legally effective" and the officer was not eligible for promotion because his reinstatement was not accepted by the Commission until after the resignation was accepted.   In the instant case, Cole was able to rescind his resignation prior to the Commission's accepting it; therefore, it never became "legally effective."

{¶ 13} It is undisputed that DeFranco resigned from his position with the City to work for the North Ridgeville Police Department.   Reinstatement after resignation is governed by Rule 8.42, which clearly states that the officer reinstated shall not be entitled to seniority credit accumulated prior to resignation.   Thus, the rules governing Cole's leave of absence are different from those governing DeFranco's resignation.

{¶ 14} Although there is a dispute as to whether Commission employee Munday Workman assured DeFranco that he was eligible for the promotion, it does not affect the outcome of this case.   Even if Workman did advise DeFranco that he was eligible to take the exam, principles of promissory estoppel do not apply to government employees when engaged in a

governmental function. *Hortman v. Miamisburg*, 110 Ohio St.3d 194, 2006-Ohio-4251, 852 N.E.2d 716, syllabus. Thus, although it is regrettable, DeFranco cannot recover for the time and expense he invested in studying for the examination based on Workman's alleged misinformation.

{¶ 15} DeFranco argues that he is not contending promissory estoppel applies and is not requesting to receive compensation for the time and money he spent on preparing for the exam. Instead, he argues that Workman's statements indicated how the Commission previously interpreted and applied Rule 8.42. However, even if Workman did misstate the rule regarding DeFranco's eligibility for the promotion, a misstatement by a Commission employee cannot waive or modify the requirements set forth in the Civil Service Rules. In order to waive or modify the rules, the majority of the Commission must vote in favor of the change. Rules 14.10 and 15.10.

{¶ 16} Additionally, the rule is not ambiguous regarding the effect resignation has on seniority. It clearly states that an officer reinstated after resignation "shall not be entitled to seniority credit for service prior to resignation nor shall such service be considered in determining the eligibility of such reinstated member to enter promotional examinations." There is no exception listed for those who resigned to continue a position in law enforcement. Accordingly, the trial court did not err by granting summary judgment in favor of the City.

**Sergeant John Cole's Personnel File**

{¶ 17} In his second assigned error, DeFranco argues the trial court abused its discretion by refusing to consider the evidence contained within Sergeant Cole's file. As we stated above, DeFranco's situation is different from Cole's situation. Therefore, the consideration of Cole's personnel file would not have changed the trial court's decision to grant summary judgment. Accordingly, DeFranco's second assigned error is overruled.

**Hearsay Statements**

{¶ 18} In his third assigned error, DeFranco argues the trial court erred by ruling that Munday Workman's statements to DeFranco, assuring him he was eligible for the promotion, were hearsay. As we concluded above, even if Workman did tell DeFranco he was eligible for the promotion, Workman's statement cannot modify the Civil Service Rules regarding the eligibility to take an examination in absence of the majority vote in favor of change by the Commission. Accordingly, DeFranco's third assigned error is overruled.

Judgment affirmed.

It is ordered that appellees recover from appellant their costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR